UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRILL BARNES, CURTIS PIGGEE,
and AMARI THOMAS-ACOSTA,
*by his mother and guardian Michelle Thomas-Acosta,*

    Plaintiffs,

v.                                                   Case No. 17-cv-355-pp

DAVID J. CLARKE, JR., RICHARD E. SCHMIDT,
CAPTAIN GEORGE GOLD, DECORIE SMITH,
MILWAUKEE COUNTY BEHAVIORAL HEALTH DIVISION,
MILWAUKEE COUNTY, ARMOR CORRECTIONAL HEALTH
SERVICES, INC., JOHN DOE #1, JOHN DOES #2-10,
and JOHN DOES #11-20,

    Defendants.

---

ESTATE OF TERRIL J. THOMAS,
*by and through its special administrator Tiffany Robertson*,

    Plaintiff,

and

MILWAUKEE COUNTY,

    Third-Party Plaintiff,

v.                                                  Case No. 17-cv-1128-pp

MILWAUKEE COUNTY, DAVID A. CLARKE, JR.,
NANCY EVANS, KEVIN NYKLEWICZ, SCOTT SOBEK,
JEFFREY ANDRYKOWSKI, LT. JOSHUA BRIGGS,
STEVEN HAW, KASHKA MEADORS,
DEVONTA TOWNES, RAFAEL BRITO,
MATTHEW CARROLL, LECARLIN COLLINS, BRIAN DRAGOO,
ANTHONY EMANUELE, JORDON JOHNSON, THOMAS LAINE,
DAVID LEDGER, JOSHUA LEGERE, DEVIN O'DONNELL,
JAMES RAMSEY-GUY, DECORIE SMITH, DOMINIQUE SMITH,
JOHN WEBER, ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
KAREN HORTON, KAREN GRAY, DEBORAH MAYO, and AMANDA OCACIO,

    Defendants.

and

WISCONSIN COUNTY MUTUAL INSURANCE COMPANY,

    Third-Party Defendant.

1

# ORDER GRANTING DEFENDANTS' MOTION TO CONSOLIDATE CASES
# (DKT. NO. 13 IN CASE NO. 17-CV-355;
# DKT. NO. 38 IN CASE NO. 17-CV-1128)

On March 9, 2017, the plaintiffs—children of decedent Terrill Thomas—filed the complaint in <u>Barnes v. Clarke, *et al.*</u>, 17-cv-355, alleging under 42 U.S.C. §1983 that the defendants had violated their rights under the federal and Wisconsin constitutions in connection with the death of Terrill Thomas in the Milwaukee County Jail. On August 14, 2017, the plaintiff—the Estate of decedent Terrill Thomas—filed the complaint in <u>Estate of Terrill Thomas v. Milwaukee County, *et al.*</u>, 17-cv-1128, making the same allegation. In both cases, the defendants have filed motions to consolidate under Fed. R. Civ. P. 42 and Civil L.R. 42 (E.D. Wis.). Dkt. No. 13 in 17-cv-355; Dkt. No. 38 in 17-cv-1128. The defendants' motions assert that the cases involve the same underlying facts—those surrounding the death of Mr. Thomas on April 24, 2016 while incarcerated at the Milwaukee County Jail—and common questions of law. They argue that consolidating the cases will promote convenience and economy, and will allow the parties to conserve resources.

The plaintiff in 17-cv-1128 (the Estate) initially asked the court to defer ruling on the motion, because the plaintiffs in 17-cv-355 had represented that they were going to amend their complaint, but had not done so. Dkt. No. 45 in 17-cv-1128. The plaintiffs in 17-cv-355 did not respond to the motion to consolidate.

On March 13, 2018, however, the Estate filed a notice, informing the court that it had resolved its concerns, and indicating that it did not oppose the motion to consolidate. Dkt. No. 70 in 17-cv-1128. At a joint status conference on April 5, 2018, the Estate reiterated to the court that it did not oppose consolidation; counsel for the plaintiffs in 17-cv-355 confirmed that the plaintiffs in that case did not object.

Fed. R. Civ. P. 42 allows a court, at its discretion, to consolidate particular matters or whole cases "[i]f actions before the court involve a common question of law or fact." After consolidation, subsection (b) of that rule allows a court to order separate trials of issues, claims, cross-claims or counter-claims "[f]or convenience, to avoid prejudice, or to expedite and economize." The parties agree that the court should exercise its discretion to consolidate 17-cv-355 and 17-cv-1128. After reviewing the complaint in 17-cv-1128, and hearing the representations of the plaintiffs' counsel in 17-cv-355 at the April 3, 2018 hearing, the court believes it appropriate to do so. Both cases arise from the same events, and the same set of facts. Once the plaintiffs in 17-cv-355 file their amended complaint (the deadline for doing so is the end of the day on April 20, 2018), the cases will involve the same defendants, and the same claims. Consolidating the cases will promote efficiency and economy, and should assist the parties in conserving resources.

The court **GRANTS** the defendants' motions to consolidate. <u>Barnes v. Clarke, et al.</u>, 17-cv-355, Dkt. No. 13; <u>Estate of Terrill Thomas v. Milwaukee County, et al.</u>, 17-cv-1128, Dkt. No. 38.

The court **ORDERS** that from the date of this order, the case will proceed under case number 17-cv-355, as required by Civil L.R. 42(b) (E.D. Wis.).

The court **DIRECTS** the clerk's office to make a notation in 17-cv-1128, instructing parties to check the docket for 17-cv-355.

From the date of this order, the caption of the consolidated case shall include all plaintiffs in both cases, and all defendants in both cases. All pleadings shall show 17-cv-355 as the operative case number.

Dated in Milwaukee, Wisconsin this 9th day of April, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**